IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**STEPHANI JONES-CARLSON,**  6:13-cv-01891- RE

         Plaintiff,  **OPINION AND ORDER**

v.

**CAROLYN W. COLVIN,**
Acting Commissioner of Social Security,

         Defendant.

**REDDEN**, Judge:

Plaintiff Stephani Jones-Carlson brings this action to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for Supplemental Security Income benefits. For the reasons set forth below, the decision of the Commissioner is affirmed and this matter is dismissed.

1 - OPINION AND ORDER

## BACKGROUND

Jones-Carlson filed her application on January 12, 2010, alleging disability since November 6, 1998, due to "adhd, depression, sleep disorder, bipolar I, acid reflux disease." Tr. 78. Born in 1992, Jones-Carlson was 6 years old on her alleged onset date . Her application was denied initially and upon reconsideration. A hearing was held on March 6, 2012. Tr. 40-62. The Administrative Law Judge ("ALJ") found her not disabled. Jones-Carlson's request for review was denied, making the ALJ's decision the final decision of the Commissioner.

## ALJ's DECISION

The ALJ found that, before attaining age 18, Jones-Carlson had the medically determinable severe impairments of borderline intellectual functioning; bipolar disorder; and attention deficit hyperactivity disorder. Tr. 20.

The ALJ found that, before attaining age 18, Jones-Carlson's impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. *Id.*

The ALJ determined that, since attaining age 18, Jones-Carlson retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but is limited to simple routine tasks, and is limited to only occasional contact with the public. Tr. 34.

At step five, the ALJ found Jones-Carlson was capable of performing work that exists in significant numbers in the national economy, including wire worker and sorter. Tr. 35.

Jones-Carlson argues that the ALJ erred by finding that, prior to attaining the age of 18, she was markedly limited in her ability to interact with and relate to others, but after attaining the age of 18, she was not so limited.

## MEDICAL EVIDENCE AND TESTIMONY

2 - OPINION AND ORDER

Treating physician Lyle R. Torguson, M.D. diagnosed Bipolar disorder with adjustment disorder and some social situational barriers in May 2008. Tr. 260. Plaintiff's mother requested a letter stating Plaintiff required adult supervision 24 hours a day, but Dr. Torguson disagreed. In September 2008, Dr. Torguson reported mood/behavior was good on Seroquel, though Plaintiff was not sleeping. In October 2008, the medicine was no longer working, and Plaintiff was anxious and irritable. Tr. 256. In November Dr. Torguson changed the prescription to add Trileptal to control bipolar disorder, and noted mild cognitive problems. Tr. 254.

In December 2008 Dr. Torguson said Plaintiff was "doing relatively well," with a good affect. Tr. 252. On December 17, 2012, Dr. Torguson signed a letter addressed "To Whom it May Concern" in which he stated that due to mental health, medical, and cognitive issues Plaintiff could not be allowed to be alone unsupervised by an adult. Tr. 251.

In January 2009 Plaintiff was seen in the emergency room for hand pain after punching a wall. Tr. 212. In April 2009 Dr. Torguson noted Plaintiff's affect was "extremely flat." Tr. 241.

Lisa Raney-English, M.A., Q.M.H.P., completed a mental health assessment in April 2009. Tr. 226-32. Plaintiff, age 16, endorsed many symptoms of depression and said that she cried one to two times a week for no reason, or would not talk to anyone. On a scale of one to ten, Plaintiff rated her depression at five to seven. She reported that about once a day she gets angry and yells, gets physical with her brother, becomes verbally abusive, and sometimes destroys her own property. Her symptoms started at age seven, but have evened out with better mood control on medication. Plaintiff reported she had been molested at an early age, and that her bipolar symptoms did not show up at school. She felt she had enough friends. Her affect

3 - OPINION AND ORDER

was flat. Ms. Raney-English listed diagnostic impressions of Depressive Disorder, Bipolar Disorder, Post Traumatic Stress Disorder, and assessed a GAF of 51. Tr. 230.

On April 30, 2009, a psychoeducational report was prepared in order to certify Plaintiff for continued special education assistance as a student with an emotional disturbance. Tr. 301-04. The report noted a history of impulsivity, aggression, and explosive outbursts, sometimes requiring police intervention, though not in the past two years. She was withdrawn with a flat affect, and teachers reported depression, withdrawl, and somatization.

In May 2009, Dr. Torguson stated the medication was "working very well," Plaintiff's emotions were under control, and she was not agitated, irritable, or moody. Her affect was good. Tr. 239. In September 2009, Plaintiff was experiencing panic, anxiety, and tachycardia. Tr. 237. Dr. Torguson prescribed propranolol. In February 2010, Dr. Torguson noted "[s]he is fairly disabled by her bipolar disorder in general," though stable on current medications, with ongoing palpatations and some sedation. Tr. 274.

In February 2010, teacher Garrett Bridgens completed a questionnaire. Tr. 183-90. Mr. Bridgens had known Plaintiff for three years, and her attendance had improved dramatically in the last two years. Tr. 183. He thought Plaintiff had an "obvious problem" in reading and comprehending written material and providing organized oral explanations and adequate descriptions. Tr. 184. Mr. Bridgens stated he saw no problems with attending and completing tasks or with interacting and relating to others. Tr. 185-86. He noted an "obvious problem" with personal hygiene and knowing when to ask for help. Tr. 188.

4 - OPINION AND ORDER

In September 2010, Dr. Torguson noted "they have not been too anxious to see me because she has been doing fantastic on her current regime of medications." Tr. 269. Her affect, cognition, and memory were good.

On March 9, 2012, Dr. Torguson signed a letter prepared by Plaintiff's counsel in which the doctor stated Plaintiff satisfied the requirements for disability prior to attaining the age of 18 by being markedly limited in her ability to interact and relate with others, attend and complete tasks, and care for herself. Tr. 279.

On March 12, 2012, Dr. Torguson signed a letter prepared by Plaintiff's counsel in which the doctor stated Plaintiff was markedly impaired in her ability to maintain attention and concentration and would be present more than occasionally but less than frequently. Tr. 281. Dr. Torguson stated that Plaintiff's symptoms and diminished capacity would be expected to affect her ability to maintain a consistent pace, and that she would be expected to miss two or more days of work per month. Finally, Dr. Torguson endorsed that Plaintiff was markedly impaired in the ability to interact appropriately with co-workers or work in proximity to others, her ability to accept instruction from supervisors and respond to criticism, and her ability to sustain an ordinary routine without special supervision. Tr. 282.

## DISCUSSION

### I. The Medical Evidence

Disability opinions are reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1). If no conflict arises between medical source opinions, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). In such circumstances the ALJ should also

5 - OPINION AND ORDER

give greater weight to the opinion of an examining physician over that of a reviewing physician. *Id.* But, if two medical source opinions conflict, an ALJ need only give "specific and legitimate reasons" for discrediting one opinion in favor of another. *Id.* at 830. The ALJ may reject physician opinions that are "brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "[T]he opinions of a specialist about medical issues related to his or her area of specialization are given more weight than the opinions of a nonspecialist." *Smolen v. Chater,* 80 F.3d 1273, 1285 (9ith Cir. 1996)(*citing* 20 C.F.R. § 404.1527(d)(5)).

Plaintiff contends the ALJ erred by giving Dr. Torguson's March 2012 opinions little weight. Tr. 28. The ALJ noted those opinions were offered approximately 18 months after the most recent September 2010 treatment note, and were inconsistent with those treatment notes. Tr. 27. The ALJ noted Dr. Torguson's opinions were inconsistent with those of Mr. Bridgens, Plaintiff's case manager and teacher. Tr. 28. The ALJ noted Plaintiff had a history of significant difficulties in dealing with others, but "her functioning in this area has substantially improved with appropriate treatment. She is described as respectful by her teachers, appears appropriate when she presents to her medical providers, and does not describe significant problems in her most recent testimony. She would therefore be able to cope with supervisors and co-workers, and would only need to avoid work that requires extensive interaction with the public." Tr. 34.

On this record, the ALJ's evaluation of Dr. Torguson's March 2012 opinions was reasonable, supported by substantial evidence, and free of legal error. The ALJ properly offered specific and legitimate reasons to give little weight to Dr. Torguson's opinions.

## CONCLUSION

The Commissioner's decision that Plaintiff is not disabled is based upon the correct legal standards and supported by substantial evidence. The Commissioner's decision is affirmed.

IT IS SO ORDERED.

Dated this 15 day of December, 2014.

_____
JAMES A. REDDEN
United States District Judge